IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY B. MYERS, et al.  :

        :

  v.      : Civil Action No. DKC 26-1328

        :

NAPLES GOLF AND BEACH CLUB, INC.,
et al.      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this property case are two motions: (1) the motion to dismiss for lack of subject matter jurisdiction and improper venue, or alternatively to remand, and a request for vexatious litigant sanctions filed by Naples Golf and Beach Club, Inc., Naples Property Holding Company, LLC, Naples Beach Club Land Trust Trustee, LLC, Naples Beach Club Phase II and III Land Trust Trustee, LLC, and NBC Club Owner, LLC (collectively "NBC Entities" or "Defendants"), (ECF No. 10); and (2) motion to declare post-removal state-court orders void and to prohibit the NBC Entities from relying on those void orders filed by Gregory B. Myers and Barbara Ann Kelly ("Plaintiffs"), (ECF No. 15). Some of the issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand and request for vexatious-litigant sanctions will be granted and the motion to declare post-removal state-court orders void will be granted.

## I.    Background

Plaintiffs, who are residents of Naples, Florida, commenced an action against Defendants on May 27, 2021.  The lawsuit was filed in the Circuit Court of the Twentieth Judicial Circuit for Collier County, Florida.  *See Myers, et al. v. Naples Golf & Beach Club, Inc.,* No. 21-CA-001441-0001 (Fla.Cir.Ct.).  Plaintiffs brought two counts under Florida state law asserting easements on Defendants' property, (ECF No. 10-1, at 1–14), and Defendants then filed a counterclaim against Plaintiffs asserting seven counts under Florida state law to quiet title, (*id.* at 15–73).

On May 6, 2022, the Florida Circuit Court entered an Amended Summary Final Judgment in favor of Defendants and against Plaintiffs on all counts of the complaint and counterclaim except Count IV of the counterclaim.  (ECF No. 10-2).  Defendants voluntarily dismissed Count IV of the counterclaim the same day. *See* Notice of Voluntary Dismissal of Count IV of the Counterclaim, *Myers v. Naples Golf & Beach Club, Inc.,* No. 21-CA-001441-0001 (Fla.Cir.Ct. May 6, 2022), No. 452.  Plaintiffs filed a motion for reconsideration, and the Florida Circuit Court denied it.  *See* Order Denying Rehearing/Reconsideration, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. May 25, 2022), No. 458.  Plaintiffs then filed an appeal, which the Florida District Court of Appeal subsequently dismissed.  *See* Order, *Myers v. Naples Golf & Beach Club, Inc.,* No. 6D2023-0573 (Fla.Dist.Ct.App. Mar. 5, 2024); Order by DCA

2

Denying Motions and Dismissing Appeals, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. Mar. 5, 2024), No. 548.  Finally, Plaintiffs sought to appeal that decision to the Florida Supreme Court, which denied the appeal for lack of jurisdiction.  *See* Order, *Myers v. Naples Golf & Beach Club, Inc.*, No. SC2024-0762 (Fla. May 22, 2024); Order by Supreme Court Dismissing Petitioners Notice to Invoke Discretionary Jurisdiction, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. May 22, 2024), No. 554.

During the pendency of the state court litigation and thereafter, Plaintiffs attempted to remove the case three times, twice to the U.S. District Court for the Middle District of Florida and once to the U.S. District Court for the District of Columbia. Each time, the case was remanded to the Florida Circuit Court. *Myers v. Naples Golf & Beach Club, Inc.*, No. 23-cv-13, 2023 WL 2609041 (M.D.Fla. Mar. 23, 2023), *appeal dismissed*, No. 24-13099, 2024 WL 5272716 (11th Cir. Oct. 21, 2024); *Myers v. Naples Golf & Beach Club, Inc.*, No. 24-cv-846, 2024 WL 4564161 (M.D.Fla. Oct. 24, 2024), *appeal dismissed*, No. 24-13551, 2025 WL 1308883 (11th Cir. May 6, 2025); Minute Order Granting Motion to Remand, *Myers v. Naples Golf & Beach Club, Inc.*, No. 24-cv-3127 (D.D.C. Apr. 1, 2025), *aff'd*, No. 25-7040, 2025 WL 2628264 (D.C.Cir. Sep. 5, 2025).

On March 26, 2026, Defendants filed a motion to enforce the Amended Summary Final Judgment.  Specifically, after Mr. Myers filed a *Notice of Pending Federal Actions and Unresolved Title-*

3

*Affecting Issues (Informational Only – Not a Lien or Lis Pendens)* in the Official Records of Collier County, Florida, concerning Defendants' property, Defendants sought to enforce the following injunction from the Amended Summary Final Judgment:

> Gregory B. Myers and Barbara Ann Kelly and all those claiming by, through, under or against them, are permanently enjoined from claiming any interests whatsoever in the [Naples Golf & Beach Club (NGBC)] Property, including but not limited to making representations of such claims to third parties or to government entities, agencies, employees or officials, from filing any lawsuits or motions in any court or other forum based on such claims, and from filing any documents in the public records asserting such claims, including filing any lis pendens against the NGBC Property.

Motion to Enforce, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. March 26, 2026), No. 642.

Plaintiffs filed a notice of removal in this court on April 3, 2026.[1]  (ECF No. 1).  It is their fourth attempted removal of the same action in three different districts.  (ECF No. 9, at 1–2). Plaintiffs state that they are removing "pursuant to 28 U.S.C. §§ 1331, 1332, 1334, 1441, 1442(a)(1), 1446, 1452, and Fed.R.Bankr.P. 9027."  (ECF No. 1, at 2).  They assert that their removal of the Florida action that they filed was prompted by the motion to enforce the judgment then pending in the Florida court.  (*Id.* ¶ 1).  The removal notice claimed that removal was timely because

---

[1]  The Clerk docketed the notice of removal on April 7, 2026.

the motion to enforce was the first paper from which removability became ascertainable (but this is unexplained). (*Id.* ¶ 14). They say that this motion "transformed the controversy into an immediate coercive enforcement proceeding seeking new relief against current and future conduct, public-record filings, federal-related communications, and title affecting notices." (*Id.* ¶ 15).

On April 9, 2026, the court issued an order to show cause why this case should not be remanded to state court, identifying many procedural and substantive defects apparent in the removal. (ECF No. 4). On May 8, Defendants responded to the show-cause order, (ECF No. 9), and filed a motion to dismiss for lack of subject matter jurisdiction and improper venue, or alternatively to remand, and a request for vexatious litigant sanctions, (ECF No. 10). Plaintiffs responded to the show-cause order on May 11, (ECF No. 14), and Defendants' motion on June 8, (ECF No. 14). Defendants did not file a reply.

Meanwhile, the Florida Circuit Court held a hearing on April 2 regarding the motion to enforce and granted the motion on April 6. Notice of Hearing for Motion to Enforce Final Judgment, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. Apr. 2, 2026), No. 645; Order to Enforce, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. Apr. 10, 2026), No. 650. Defendants then discovered that Mr. Myers also filed a *lis pendens* in the Official Records of Collier County, Florida, against their property. Defendants' Supplemental Motion to

5

Enforce, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. May 6, 2026), No. 653.  They moved to enforce the injunction against this filing as well, which the Florida Circuit Court granted.  Order Granting Defendants' Supplemental Motion to Enforce, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. May 12, 2026), No. 654.

On May 22, Plaintiffs filed a motion to declare post-removal state-court orders void and to prohibit the NBC Entities from relying on those void orders.  (ECF No. 15).  Defendants did not respond.

## II.  Motion to Remand

Defendants move both to remand for lack of subject matter jurisdiction and to dismiss for improper venue.  (ECF No. 10). "[W]hen faced with a motion to remand and other pending motions, 'a court must first assess the motion to remand and may only consider [the other motions] if the court determines it has subject matter jurisdiction over the action.'"  *Nat'l Equip. Dealers v. IROCK Crushers LLC*, 815 F.Supp.3d 406, 411 (M.D.N.C. 2025) (Agee, J.) (second alteration in original) (quoting *Smallwood v. Builders Mut. Ins. Co.*, No. 23-cv-67, 2024 WL 844868, at *5 (E.D.Va. Feb. 28, 2024)) (citing *Burrell v. Bayer Corp.*, 918 F.3d 372, 379 (4ᵗʰ Cir. 2019)).  Accordingly, Defendants' motion to remand will be considered first.

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435,

6

437 (2019) (alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  In addition to constitutional limitations, "lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.'"  *Id.* (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)).  "Accordingly, 'the district courts may not exercise jurisdiction absent a statutory basis.'"  *Id.* (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)).  Federal courts "must strictly construe removal jurisdiction" and remand "[i]f federal jurisdiction is doubtful."  *Mayor & City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  *Mulcahey*, 29 F.3d at 151 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).  Plaintiffs are the removing parties, so they must establish subject matter jurisdiction.  They cite the following statutes and rules in support of their removal: 28 U.S.C. §§ 1331, 1332, 1334, 1441, 1442(a)(1), 1446, 1452, and Fed.R.Bankr.P. 9027.  (ECF No. 1, at 2).  28 U.S.C. § 1446 and Fed.R.Bankr.P. 9027 are procedural and thus inapposite on a motion to remand for lack of subject matter jurisdiction, but the remaining statutory provisions are jurisdictional.  None of them provides a statutory basis to sustain

7

subject matter jurisdiction in this case.  Even if they did, there was no pending state action to remove that would vest jurisdiction in this court.  And this court lacks jurisdiction to review final state court judgments.  Therefore, the motion to remand will be granted, and the alternative motion to dismiss will be denied as moot.

The Fourth Circuit has repeatedly explained that a limitation in a removal statute on who can remove is jurisdictional.  *See Ochar v. Bank of Am.*, No. 24-1644, 2024 WL 4357230, at *1 (4th Cir. Oct. 1, 2024); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008).  28 U.S.C. § 1441(a) authorizes only "the defendant or the defendants" to remove, and 28 U.S.C. § 1442(a)(1) authorizes only the United States and an agency or officer thereof to remove.  Thus, Plaintiffs are not authorized to remove under either statute.[2]  The court lacks subject matter jurisdiction over the action on those statutory bases.  And that conclusion holds regardless of whether the underlying action supports federal question or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332, respectively.

---

[2]  Although Plaintiffs were also counter-defendants in the Florida Circuit Court, that fact makes no difference. *Palisades Collections*, 552 F.3d at 332–34 (explaining that a counter-defendant cannot remove under § 1441); *U.S. Sec'y of Hous. & Urb. Dev. v. Ealy*, No. 25-cv-528-ABA, 2026 WL 662920, at *3 (D.Md. Mar. 10, 2026) (concluding that a counter-defendant can remove under § 1442(a)(1), but only if it is the United States or a federal agency or officer thereof).

28 U.S.C. § 1452(a) authorizes "a party [to] remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  This provision authorizes counter-defendants, as Plaintiffs were in the Florida Circuit Court, to remove a case.  *See Palisades Collections*, 552 F.3d at 333.  But the removal must be to the district court for the district encompassing the state court.  Some courts have concluded that this too is a jurisdictional limitation.  *In re Croatan Surf Club, LLC*, No. 11-bk-194-8, 2011 WL 5909339, at *4 (Bankr.E.D.N.C. Aug. 10, 2011) (citing *In re Nat'l Developers, Inc.*, 803 F.2d 616 (11th Cir. 1986); *In re Funquest Vacations, Inc.*, Nos. 97-31084 & 97-1196, 1998 WL 124222 (Bankr.E.D.Pa. Feb. 5, 1998)).  The Middle District of Florida encompasses the Circuit Court for Collier County, Florida.  M.D.Fla. Local Rule 1.04(a).  But Plaintiffs removed directly to the District of Maryland because Mr. Myers has a bankruptcy case here (and ostensibly they wished to avoid the prefiling injunction the Middle District of Florida had imposed on them).  Consequently, this court might lack subject matter jurisdiction.  *Mayor & City Council of Balt.*, 31 F.4th at 197 ("If federal jurisdiction is doubtful, a remand is necessary." (citation modified)).

9

In any event, 28 U.S.C. § 1452(b) authorizes the court to remand a case removed under § 1452(a) "on any equitable ground."[3]

> Courts consider several factors when deciding whether to remand an action under Section 1452(b), including: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the proceeding in the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed parties. [*In re*] *Merry-Go-Round Enterprises*, 222 B.R. [254,] 257 [(D.Md. 1998)]. Additional factors courts may consider include the efficient use of judicial resources, the possibility of inconsistent results, and the expertise of the court where the action originated. *Id.*

*In re Miller*, 674 B.R. 316, 335 (Bankr.D.Md. 2025). Prejudice and inefficiency alone justify remand here. As explained, this is the fourth time Plaintiffs have attempted to remove this case. Courts have repeatedly sanctioned them. Five judges in the District of Maryland have found that Plaintiffs are bad-faith actors. *See In re Kelly*, 656 B.R. 541, 594–607 (Bankr.D.Md. 2023), *aff'd sub nom.*, *Kelly v. Naples Prop. Holding Co.*, 671 B.R. 432 (D.Md. 2025). Retaining this removed action will only further clog the federal

---

[3] It is "widely accepted that [§] 1452(b) authorizes a district court to remand a removed proceeding 'sua sponte notwithstanding the absence of a motion . . . by any party.'" *Clarke & Assocs., Inc. v. Runsted*, 480 F.Supp.3d 1333, 1336–37 (D.Utah 2020) (collecting cases); *see also In re Snyder*, No. 99-bk-55312, 2006 WL 4711023, at *1 (Bankr.D.Md. June 9, 2006) (remanding *sua sponte* under § 1452(b)).

judicial system and subject Defendants to further litigation in a distant forum. Comity likewise counsels strongly in favor of remand: The Florida Circuit Court issued its decision, which included a determination that the bankruptcy stay did not apply, over four years ago. That decision deserves continued respect. To the extent the removal was premised on 28 U.S.C. §§ 1334 and 1452, then, remand is abundantly equitable, and jurisdiction is declined.

In short, there is no statutory basis on which to sustain subject matter jurisdiction. Moreover, as the Middle District of Florida repeatedly held, the state court action was not pending in state court at the time of removal. *See Myers*, 2024 WL 4564161, at *1, *5; *Myers*, 2023 WL 2609041, at *4; *see also* 28 U.S.C. § 1441(a) (requiring that the action be "pending" in state court); *id.* § 1442(a)(1) (same); *id.* § 1452(a) (same). Instead, the state court had entered final judgment four years earlier. Accordingly, the post-judgment removal was a nullity and "ineffective to vest jurisdiction in the district court." *Aurora Loan Servs., LLC v. Allen*, 762 F.App'x 625, 628 (11th Cir. 2019) (citing *Oviedo v. Hallbauer*, 655 F.3d 419, 423–24 (5th Cir. 2011); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988); *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969)); *Rohe v. Wells Fargo Bank, NA*, No. 21-10561, 2022 WL 17752372, at *2 (11th Cir. Dec. 19, 2022).

It does not matter that a motion to enforce the judgment was pending at the time of removal.  As the *Aurora* court explained, an action is not pending if "nothing remained for the state courts to do but execute the judgment."  *Aurora*, 762 F.App'x at 628 (citing *Oviedo*, 655 F.3d at 425).  All that remained for the Florida Circuit Court to do was enforce the judgment (including by deciding whether to grant the motion to enforce).  Moreover, the removal statutes apply to a "civil action," a term that "has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court."[4]  *Ohio*, 433 F.3d at 506 (citation modified).  On remand from the U.S. Court of Appeals for the Eleventh Circuit in *Aurora*, the U.S. District Court for the Southern District of Florida concluded that a post-judgment motion to order the clerk to issue a certificate of title in a foreclosure action was not an "independent 'civil action'" but rather "part and parcel of the state court foreclosure action not subject to removal."  *Aurora Loan Servs., LLC v. Allen*, No. 16-cv-61085, 2020 WL 3422412, at *5 (S.D.Fla. Feb. 19, 2020).  Here, too, the motion to enforce was an ancillary enforcement proceeding not independently removable and instead part and parcel of the

---

[4] The federal officer removal statute, 28 U.S.C. § 1442, is the exception to this rule, because it expressly defines "civil action" to include "ancillary" proceedings. *Id.* § 1442(d)(1).  Regardless, this statute provides no jurisdictional basis for the other reasons stated.

state court quiet title action.  Thus, it did not revert the state court action to a removable proceeding.

In short, there are so many things wrong with this purported removal that remand is overwhelmingly necessary.[5]

## III. Attorneys' Fees, Costs, and Expenses

Defendants next ask for attorneys' fees, costs, and expenses under 28 U.S.C. § 1447(c), (ECF No. 10, at 17–19), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  Courts must balance "the desire to deter

---

[5] Defendants also cite the *Rooker-Feldman* doctrine but provide no analysis, relying instead on brief passages in the Florida opinions.  (ECF No. 10, at 12–13, 16); *see also Myers*, 2023 WL 2609041, at *4; *Myers*, 2024 WL 4564161, at *1, *5.  This is not a traditional *Rooker-Feldman* situation.  Plaintiffs are not bringing a new action that calls into question the validity of a preceding state court judgment; instead, they are seeking to remove to this court the exact state court judgment that they want voided.  But the same principle applies.  Appellate jurisdiction over final state court judgments lies in the Supreme Court and not here.  *See* 28 U.S.C. § 1257; *T.M. v. Univ. of Md. Med. Sys. Corp.*, 146 S.Ct. 1739, 1746 (2026).

removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" against "Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Id.* at 140. Whether to award such fees is a decision "committed to the court's sound discretion."  *Beusterian v. Icon Clinical Rsch.*, 517 F.App'x 198, 199 (4ᵗʰ Cir. 2013) (citing *Martin*, 546 U.S. at 139–41).

It would be an understatement to say that Plaintiffs lacked an objectively reasonable basis to remove their own case for the fourth time in a third state four years after final judgment was entered and after having been barred by another federal district court from further removal of the case.  In fact, the Middle District of Florida already awarded attorneys' fees, costs, and expenses to Defendants for Plaintiffs' *second* attempted removal of this case.  *Myers v. City of Naples*, No. 24-cv-419, 2024 WL 5153191, at *3 (M.D.Fla. Dec. 18, 2024).  Likewise, the U.S. Court of Appeals for the District of Columbia Circuit awarded attorneys' fees, costs, and sanctions to Defendants in an appeal from the third attempted removal of this case,[6] finding that the appeal and the district court action were brought "in bad faith and for an

---

[6] The U.S. District Court for the District of Columbia likewise remanded the case to the Florida Circuit Court.  Minute Order Granting Motion to Remand, *Myers v. Naples Golf & Beach Club, Inc.*, No. 24-cv-3127 (D.D.C. Apr. 1, 2025), *aff'd*, No. 25-7040, 2025 WL 2628264 (D.C. Cir. Sep. 5, 2025).

improper purpose—namely, to harass appellees and to delay the resolution of proceedings in the Florida state court litigation." *Myers*, 2025 WL 2628264, at *1. The Eleventh Circuit has sanctioned Plaintiffs multiple times. *Myers*, 2025 WL 1308883, at *1; Order of Dismissal, *Myers v. City of Naples*, No. 24-12043 (11th Cir. Nov. 1, 2024), ECF No. 27. And at least four district judges and one bankruptcy judge *in this district alone* have found that Plaintiffs are bad-faith actors. *See In re Kelly*, 656 B.R. at 594–607 (exhaustively cataloguing Plaintiffs' abusive litigation conduct in this district). Here, Plaintiffs expressly removed this case in a baseless effort to delay enforcement of a valid judgment in Florida state court. (ECF No. 1, at 2). There is little doubt, then, that Plaintiffs removed this case "for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 141. Thus, attorneys' fees, costs, and expenses will be awarded to Defendants. Defendants will be directed to file a motion pursuant to Local Rule 109.

## IV.  Prefiling Injunction

Finally, Defendants request that Plaintiffs be deemed vexatious litigants and barred from filing any *pro se* removals in any federal court. (ECF No. 10, at 19–20). Plaintiffs contend, with little elaboration, that such a request "requir[es] notice, a developed record, narrow tailoring, and findings that are not present here." (ECF No. 16, at 21).

15

"Federal courts have the authority to issue prefiling injunctions against vexatious litigants," but only in "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Thomas v. Fulton*, 260 F.App'x 594, 596 (4th Cir. 2008) (quoting and citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004)); *see also* 28 U.S.C. § 1651(a).  Courts consider the following four factors when deciding whether to issue a prefiling injunction:

> (1) [T]he party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818 (collecting cases).  As noted, Plaintiffs have a notorious history of vexatious litigation conduct both in this litigation and others, in the District of Maryland and elsewhere.  *See, e.g.*, *In re Kelly*, 656 B.R. at 594–607.  They lacked a good-faith basis for removal to this court; in fact, they were expressly barred from further removals of this case in the Middle District of Florida.  They removed the action to this district to circumvent that prohibition and in violation of the venue provision in 28 U.S.C. § 1452.  And Plaintiffs' filings impose considerable burdens on their unfortunate counterparts and

16

the court.  The state court litigation they removed has been ongoing for five years and contains over 650 docket entries; the bankruptcy case here in Maryland that is purportedly related to the removed action has been ongoing for eleven years and contains over 1100 docket entries.  Plaintiffs' filings shed little light on those proceedings and thus require considerable review of their dockets.

Finally, the adequacy of alternative sanctions must be considered.  For example, the Fourth Circuit has expressed a preference that courts first consider whether a finding of contempt suffices to deter the litigant's misconduct, before considering the imposition of a prefiling injunction.  *See Cromer*, 390 F.3d at 818.  And any prefiling injunction that is imposed must be "narrowly tailored to fit the specific circumstances at issue." *Id.* (collecting cases).  The imposition of a fine via civil or criminal contempt would be an inadequate sanction because previous financial sanctions have failed to deter Plaintiffs.  *See Myers*, 2025 WL 1308883, at *1 (concluding that Mr. Myers had filed yet another frivolous appeal despite previously being sanctioned for doing so).[7]

---

[7] The imposition of imprisonment via criminal contempt, on the other hand, is a more drastic remedy than a narrow prefiling injunction and thus will not be considered.

17

A narrowly tailored prefiling injunction strikes the proper balance between deterrence and access to justice. Defendants' request that Plaintiffs be barred from filing any *pro se* removal is plainly overbroad because it implicates entirely unrelated cases. *See Cromer*, 390 F.3d at 818–19. The Middle District of Florida, on the other hand, imposed a carefully circumscribed prefiling injunction barring further removals from the Florida case at issue, *Myers, et al. v. Naples Golf & Beach Club, Inc.,* No. 21-CA-001441-0001, to the Middle District of Florida, unless filed by a licensed attorney. *Myers*, 2024 WL 4564161, at *1–2. Whereas that injunction sufficed to prevent further removals to the Middle District of Florida, Plaintiffs simply carried on removing the case to other jurisdictions, namely the District of Columbia and Maryland, with the consequence that the burden on Defendants only continues to mount. Unfortunately, then, a prefiling injunction limited to this district only perpetuates the game of Whack-a-Mole into which Plaintiffs have turned the federal court system. On the other hand, an injunction purporting to reach beyond the Fourth Circuit would be ill advised. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). Accordingly, a prefiling injunction will be effective only if it bars removal of *Myers, et al. v. Naples Golf & Beach Club, Inc.,* No. 21-CA-001441-0001 (Fla.Cir.Ct.), to any federal court in the Fourth Circuit. *See, e.g., Nix v. Major League Baseball*, 62 F.4th 920,

18

938 (5th Cir. 2023) (imposing prefiling injunction applicable in any court within the U.S. Court of Appeals for the Fifth Circuit).

Prior to the imposition of a prefiling injunction, the court must afford the litigant "notice and an opportunity to be heard." *Cromer*, 390 F.3d at 819 (collecting cases). As previously noted, Plaintiffs have responded to Defendants' request for a prefiling injunction, satisfying this requirement. The court will impose a prefiling injunction barring further removals of *Myers, et al. v. Naples Golf & Beach Club, Inc.,* No. 21-CA-001441-0001 (Fla.Cir.Ct.), to any federal court in the Fourth Circuit without first obtaining leave of court from a judge in that court. They will be required to attach a copy of the injunction to any new filing arising from the action in Florida state court.

## V.   Motion to Declare Post-Removal State Court Orders Void

Finally, Plaintiffs move to declare post-removal state court orders void. 28 U.S.C. § 1446(d) states: "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Plaintiffs attach to their motion the notice of removal that they purportedly filed with the Florida Circuit Court on April 4, 2026. (ECF No. 15-1). The Florida Circuit Court then proceeded to issue

19

two orders of enforcement of the Amended Summary Final Judgment, on April 10 and May 12, respectively.  Order to Enforce, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. Apr. 10, 2026), No. 650; Order Granting Defendants' Supplemental Motion to Enforce, *Myers*, No. 21-CA-001441-0001 (Fla.Cir.Ct. May 12, 2026), No. 654.  Plaintiffs contend that these orders are void because the state court lost jurisdiction over the case on April 4 when the notice of removal was filed.  (ECF No. 15, at 3-5).

Plaintiffs' motion will be granted.  The Supreme Court of the United States recently explained the jurisdictional consequences of the filing of a removal notice in state court:

> Once a notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  The state court "los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void."  *Kern v. Huidekoper*, 103 U.S. 485, 493, 26 L.Ed. 354 (1881).  "Every order thereafter made in that court [is] *coram non judice*," meaning "not before a judge." *Steamship Co. v. Tugman*, 106 U.S. 118, 122, 1 S.Ct. 58, 27 L.Ed. 87 (1882); Black's Law Dictionary 426 (11th ed. 2019). *See also* 14C C. Wright, A. Miller, E. Cooper, J. Steinman, & M. Kane, Federal Practice and Procedure § 3736, pp. 727-729 (2018).

*Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57, 63-64 (2020) (per curiam) (alterations in original) (footnote omitted).  Plaintiffs have supplied evidence that they filed the notice of removal with the state court on April 4.  (ECF No. 15-

20

1).  Although they represent that the clerk rejected the removal notice due to a state court vexatious-litigant order, and therefore the removal notice was not docketed, (ECF No. 15-5 ¶ 53), it still divested the state court of jurisdiction.  *Yale Galanter, P.A. v. Johnson*, No. 06-cv-60742, 2006 WL 8447921, at *1 (S.D.Fla. Sep. 22, 2006) (rejecting the argument that a state court does not lose jurisdiction until a removal notice is *docketed*, because "[s]ection 1446(d) merely requires *filing* of the Notice of Removal with the state court" (emphasis added)).  There is no indication that a state vexatious-litigant order can override the operation of a federal statute in such fashion.

While Defendants do not directly oppose Plaintiffs' motion to void the state court orders, they do argue in their motion to dismiss that the removal did not oust the state court's jurisdiction.  (ECF No. 10, at 11–12).  They rely on *Rohe v. Wells Fargo Bank, NA*, an Eleventh Circuit case in which the defendant filed a removal notice in the state trial court after she had appealed the state court's judgment.  2022 WL 17752372, at *2–3.  There, the Eleventh Circuit concluded that the state appellate court was correct to ignore the defendant's removal notice because it was filed after the state court had issued its judgment and thus "was not valid." *Id.*  By presuming that state courts possess any discretion to ignore removal notices, however, *Rohe* collides with longstanding Fourth Circuit precedent.  In *South Carolina v.*

21

*Moore*, 447 F.2d 1067 (4th Cir. 1971), the Fourth Circuit concluded that Congress drafted the language that currently resides in § 1446(d) precisely to eliminate any such discretion to ignore removal notices. *Id.* at 1073. Although the *Moore* court recognized that "this construction of § 1446 makes it susceptible to substantial abuse" through the filing of "frivolous," dilatory removal notices, as Plaintiffs' conduct here exemplifies, the court explained that such concerns were for Congress, rather than the court, to address. *Id.* at 1074. Because the language now residing in § 1446(d) has remained substantially the same since the *Moore* court's decision, its conclusion stands. The Florida state court had no discretion to ignore the removal notice that Plaintiffs filed, and thus no authority to issue the subsequent orders. Accordingly, the state court orders entered on April 10 and May 12 are void.

## VI.  Conclusion

For the foregoing reasons, Defendants' motion to remand and request for vexatious-litigant sanctions will be granted, and Plaintiffs' motion to declare post-removal state-court orders void will be granted. A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge

22