IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY B. MYERS, et al. :

v. : Civil Action No. DKC 26-1328

NAPLES GOLF AND BEACH CLUB, INC., et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this property case is the limited motion for reconsideration filed by Defendants Naples Golf and Beach Club, Inc., Naples Property Holding Company, LLC, Naples Beach Club Land Trust Trustee, LLC, Naples Beach Club Phase II and III Land Trust Trustee, LLC, and NBC Club Owner, LLC (collectively "NBC Entities" or "Defendants"). (ECF No. 32). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I. Background**

The relevant factual background in this case is set out in a prior opinion. (ECF No. 18). Plaintiffs Gregory B. Myers and Barbara Ann Kelly ("Plaintiffs") filed a notice of removal from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida ("Circuit Court") to this court on April 3, 2026. (ECF No. 1). Defendants filed a motion or dismiss, or

alternatively to remand, on May 8, 2026. (ECF No. 10). Plaintiffs filed a response in opposition on June 8, 2026. (ECF No. 16).

After Plaintiffs filed the notice of removal, the Circuit Court issued two orders enforcing its earlier Amended Summary Final Judgment on April 10, 2026, and May 12, 2026 ("post-removal orders"). (ECF No. 15 ¶¶ 7, 12). Plaintiffs filed a motion to declare the post-removal orders void on May 22, 2026. (*Id.*) Defendants did not respond to the motion.

On July 21, 2026, the court issued an order that, among other things, 1) remanded the case to the Circuit Court and 2) declared the post-removal orders void. (ECF No. 19). On August 3, 2026, Defendants filed a limited motion for reconsideration of the portion of the order declaring the post-removal orders void. (ECF No. 32). Plaintiffs filed an opposition on August 17, 2026. (ECF No. 36).

## II. Standard of Review

Fed.R.Civ.P. 59(e) governs motions to alter or amend a judgment after its entry.[1] "Reconsideration is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an intervening change in controlling law; 2) previously

[1] A motion for reconsideration under Rule 59(e) must be filed "no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Defendants' motion was filed on August 3, 2026, 13 days after the entry of judgment, and is therefore timely.

unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting and citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "A prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978, at *5 n.6 (4th Cir. 1995)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation marks omitted) (quoting 11 Charles A. Wright, et al., *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)).

**III. Analysis**

Defendants argue that it was a clear error of law to void the Circuit Court orders for three reasons: 1) the Circuit Court was not divested of jurisdiction by the notice of removal because it had already entered a final judgment in the case; 2) Plaintiffs did not properly file a notice of removal with the Circuit Court; and 3) this court lacked authority to void the orders because it did not have subject matter jurisdiction over the case. (ECF No.

32, at 6–10). Defendants also argue that voiding the state court orders worked a manifest injustice because it allowed Plaintiffs to continue their vexatious, bad-faith litigation tactics. (*Id.* at 10).

Of these arguments, the first has the most support in the law. There is substantial out-of-Circuit authority for the proposition that "removal is improper and ineffective to vest jurisdiction in the district court after a truly final state judgment." *Aurora Loan Servs., LLC v. Allen*, 762 F.App'x 625, 628 (11th Cir. 2019) (per curiam); *see also Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) (per curiam); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988); *Oviedo v. Hallbauer*, 655 F.3d 419, 423–24 (5th Cir. 2011). There does not appear to be binding authority from the United States Court of Appeals for the Fourth Circuit on the question.

However, a motion for reconsideration is not the appropriate vehicle to address this complex jurisdictional question for the first time. "Rule 59(e) motions may not be used [] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Defendants did not

file an opposition or otherwise respond to Plaintiffs' motion to declare the post-removal orders void. (*See* ECF No. 18, at 21).

In their motion to dismiss, Defendants made occasional reference to state court jurisdiction. (*See* ECF No. 10, at 11–12 ("The purported removal attempted here is a legal nullity, invalid, and does not affect the State Court Litigation.") (citing *Rohe v. Wells Fargo Bank, N.A.*, No. 21-10561, 2022 WL 17752372 at *2 (11th Cir. Dec. 19, 2022) (per curiam) and *Aurora*, 762 F.App'x at 628). However, Defendants' arguments were primarily directed to federal court jurisdiction to hear the case, not the jurisdiction of the Circuit Court.

It is only in their motion for reconsideration that Defendants squarely address the validity of the post-removal orders and provide supportive case law from the Fifth and Ninth Circuits. However persuasive these arguments may be, they cannot be raised for the first time on a motion for reconsideration.

The same is true for Defendants' remaining arguments—to the extent they were previously raised, they did not address the jurisdiction of the Circuit Court. Because Defendants failed to oppose meaningfully the motion to declare the post-removal order void, they cannot seek reconsideration at this late stage.

## IV. Conclusion

For the foregoing reasons, Defendants' partial motion for reconsideration will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge